UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA DEMOND on behalf of herself and those
similarly situated,

            Plaintiff,

-vs-                                                         Case No.  2:08-cv-296-FtM-29SPC

A & R ARCHITECTS, P.A. a Florida corporation;
ALAN D. ESPARZA individually,

            Defendants.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion for Approval of Settlement Agreement (Doc. #35) filed on May 6, 2009.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  In the Joint Motion for Approval submitted by the Parties, (Doc. # 35), the Parties provide that a settlement of a bona fide good faith dispute was negotiated and is deemed fair and reasonable.

      The Plaintiff originally claimed that her estimated overtime wages were  $20,833.30 and $12, 966.24 in overtime and liquidated damages.  Counsel indicates that the Plaintiff has settled her

claim for a total of $12,500.00. The Plaintiff will received $7,500.00 out of the total amount of the settlement and Counsel will receive $5,000.00 in attorneys fees and costs. Counsel indicates the Plaintiff considered the issues raised in the pending Motion for Summary Judgment as well as the possibility of recovery in the current state of the economy. Given these factors, the Plaintiff considers the agreement as a reasonable settlement pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-1355 (11th Cir. 1982). The compromise of the original claim reached between the parties including attorney's fees and costs is to be distributed as outlined below.

The initial payment of $4,000.00 will be paid to the Plaintiff within ten (10) days from the date the Court's Approval Order[1] is entered. Subsequently, $4,000.00 will be paid to the Plaintiff within thirty (30) days of the initial payment date. A third payment of $4,000.00 will be paid to the Plaintiff within thirty (30) days from the second payment date. Each installment will contain three (3) checks. The checks will include and shall be made payable to Donna DeMond in the amount of $1,200.00 for overtime compensation, $1,200.00 representing liquidated damages, and $1,600.00 made payable to Counsel. For the final payment, the checks shall be in the amount of $1,350.00 made payable to Donna Demond for overtime compensation, $1,350.00 for liquidated damages and $1,800.00 made payable to Counsel. . These payments are made payable to the Morgan & Morgan, P.A. .

---

[1] This Report and Recommendation is subject to review and approval or rejection from the District Court. The decision of the District Court is the authority by which the parties should be governed.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with her attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion for Approval of Settlement Agreement (Doc. #35) (Doc. #35) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal

**Respectfully recommended** at Fort Myers, Florida, this ___18th___ day of May, 2009.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record